See also 192 F.Supp. 597.

**ALLSTATE INSURANCE COMPANY,**
a corporation, Plaintiff,

v.

**Fitzhugh L. BAILEYS, Faye E. Smith, Individually, as Administratrix of the Estate of John H. Smith, deceased; and as mother and natural guardian of John H. Smith, Jr., a minor, Edward Smith, a minor, James Smith, a minor, Timothy Smith, a minor, and George Smith, a minor et al., Defendants.**

**Civ. A. No. 34475.**

United States District Court
N. D. Ohio, E. D.

Dec. 4, 1958.

Michael R. Gallagher, of Hauxhurst, Inglis, Sharp & Cull, Cleveland, Ohio, Wise, Roetzel, Maxon, Kelly & Andress, Akron, Ohio, for plaintiff.

George Hargreaves, of Hargreaves & Fanelly, Akron, Ohio, for Fitzhugh L. Baileys.

L. Anthony Lombardi and Charles F. Scanlon, of McGowan, Scanlon and Lombardi, Akron, Ohio, for Faye E. Smith.

Charles W. Kitchen, of Kitchen & Messner, Cleveland, Ohio, for Buckeye Union Casualty Co.

WEICK, District Judge.

Plaintiff and defendant Faye E. Smith, individually, as Administratrix and as mother and natural guardian have moved for summary judgment.

Plaintiff's motion for summary judgment seeks to have the Court rescind and cancel a policy of automobile liability insurance, after a loss had occurred, and declare that it is void ab initio because of false answers claimed to have been given by the insured to questions in the application for the policy. The answers were to the effect that no previous insurance on the automobile had ever been cancelled.

The motion of defendant, Faye E. Smith, would have the Court summarily declare that the insurer waived its right to declare a forfeiture of the policy and is estopped from asserting the same.

Mrs. Smith, as Administratrix, recovered a judgment against the insured for $80,000 for the wrongful death of her husband arising out of an automobile accident. The policy of insurance in question, if valid, would be available to pay at least a part of the judgment.

Each of the moving parties asserts that there is no genuine issue as to any material fact.

In considering a motion for summary judgment, it is the duty of the Court to scrutinize the evidence and to view it, as well as any inferences, in the most favorable light to the opposing party. The motion ought not to be granted if there is the slightest doubt as to the facts. Lloyd v. United Liquors Corp., 6 Cir., 1953, 203 F.2d 789, 793.

In an action of this nature, the vital question of estoppel involves consideration of all the facts and circumstances surrounding the making of the original insurance application. Saunders v. Allstate Ins. Co., 168 Ohio St. 55, 151 N.E. 2d 1.

It is not sufficiently clear from the affidavits filed herein what transpired at the time the application was filed.

A policy of insurance had been issued on the application effective for one year and subsequently it had been renewed twice.

During the first renewal period a fatal accident occurred and the insurer alleges it was then it learned the facts concerning the false answers in the application.

Following this accident, the insurer notified the insured in writing of a reservation of its rights because of claimed breach by the insured of the conditions of the policy.

The insured, in his affidavit, states that thereafter the insurer, by its attorneys, handled a manslaughter case for the insured and also obtained several leaves for the insured to plead in the wrongful death action.

When the first renewal expired, the insurer renewed the policy for an additional year and accepted the premium therefor.

Having renewed the policy for an additional year with knowledge of grounds for forfeiture there is a waiver at least with respect to any claims thereafter accruing under the renewed policy. English v. National Casualty Co., 138 Ohio St. 166, 34 N.E.2d 31.

It is claimed here that the second renewal should not affect the right of the insurer to void the policy which had become fixed during the first renewal.

This raises a question whether the insurance policy is a continuing contract or consists of separate and independent annual contracts. See Standard Life & Accident Ins. Co. v. Sayler, 2 Ohio N.P., N.S., 305.

The precise question is whether the conduct of the insurer in connection with the second renewal is so inconsistent

with forfeiture that it is estopped from asserting the same.

 Forfeitures are not favored and slight grounds sometimes operate as a waiver thereof. Kitt v. Home Indemnity Co., 153 Ohio St. 505, 511, 92 N.E.2d 685.

 The insurer claims that the renewal papers for the last renewal were mailed to the insured 35 days prior to the expiration of the policy and before it had discovered the facts which gave it the right to rescind.

The evidence discloses the insurer had accepted the renewal premium and did not rescind until nearly 7 months after it learned the facts.

The reservation of rights had to do only with the investigation and defense of the claims arising out of a fatal accident. It would not prevent the insurer from renewing the policy, if it saw fit to do so.

The Court is satisfied that the issues here cannot be summarily disposed of, but must be fully explored by trial on the merits.

It follows that the motions for summary judgment are not well-taken and are hereby overruled

On Motion for Reconsideration

Plaintiff moves this Court to reconsider an order overruling plaintiff's motion for summary judgment.

Plaintiff contends that the Court is laboring under a basic misconception as to the nature of this action, which affected the disposition of its motion for summary judgment. It is the Court's use of the word "forfeiture" in connection with this cause that causes the plaintiff concern. This word was used in the sense that plaintiff's action in declaring the contract of insurance void ab initio would cut off and terminate all rights of the insured therein and thus operate as a forfeiture of his contractual rights.

 Plaintiff also contends that the fact that defendant, Fitzhugh L. Baileys, made a material misrepresentation at the time he applied for insurance has been admitted and thus no material question of fact exists. This contention was pressed with great vigor at the time the motion for summary judgment was made, but from the pleadings and affidavits the Court was unable to satisfy itself that any such express admission had been made. The statements of defendant Baileys are not so clear as to enable one to say at this juncture without any doubt that there was a misrepresentation of the nature that plaintiff alleges.

 Where substantial rights of innocent persons are involved and the factual questions are open to any doubt, summary judgment is not the proper remedy. Rather, the parties should be given an opportunity to present their evidence, cross-examine each other's witnesses, and set before the Court a complete and full picture of the controverted events. Only in this way can all the parties be assured that a just conclusion will be reached.

The motion for reconsideration is, therefore, overruled.