**SHROCK, Appellee,**

**v.**

**COPPERWELD STEEL COMPANY, Appellant.**

[Cite as *Shrock v. Copperweld,* 160 Ohio App.3d 623, 2005-Ohio-1901.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2003-T-0148.

Decided April 22, 2005.

624

Thomas M. Wilson and Shawn M. Acton, for appellee.

Jim Petro, Attorney General, and Steven K. Aronoff, Assistant Attorney General, for appellant.

---

ROBERT A. NADER, Judge.

{¶ 1} Appellant, James Conrad, Administrator of the Ohio Bureau of Workers' Compensation, appeals from a jury verdict in the Trumbull County Court of Common Pleas, permitting appellee, Ray Shrock, to participate in the Ohio workers' compensation system for the condition of asbestosis. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} Appellee worked at Copperweld Steel ("Copperweld") in Warren, Ohio, from 1964 to 2000. During appellee's tenure at Copperweld, he was allegedly occupationally exposed to asbestos on a regular basis. Asbestosis is a scheduled occupational disease pursuant to R.C. 4123.68(AA).

{¶ 3} Appellee instituted a claim with the Ohio Bureau of Workers' Compensation to participate in the system for the condition of asbestosis. The Staff Hearing Officer denied appellant's claim. The Industrial Commission of Ohio refused to hear an appeal from that decision. On June 14, 2002, appellee filed a notice of appeal and a complaint with the Trumbull County Court of Common Pleas from the decision of the Commission, denying his workers' compensation claim for asbestosis. Appellant answered the complaint on July 16, 2002.

{¶ 4} The parties deposed their respective experts, via videotape, pursuant to Civ.R. 32(B) and Sup.R. 13(A). Appellee deposed Dr. Laxminarayana C. Rao as his expert. Dr. Rao opined that appellee suffered from asbestosis as a result of his exposure to asbestos at Copperweld.

{¶ 5} Appellant deposed Dr. David M. Rosenberg, a pulmonologist, as his expert. Dr. Rosenberg examined appellee on March 25, 2003, to determine what type of lung condition he suffered from and whether it was asbestos-related. Dr. Rosenberg testified that, in total, he examined appellee; reviewed medical records from a Dr. Bermudez, who evaluated appellee on November 30, 1998; reviewed appellee's workers' compensation file; and reviewed a 1998 chest X-ray. In a report dated April 4, 2003, Dr. Rosenberg opined that appellee did not suffer from asbestosis.

{¶ 6} At some point, Dr. Rosenberg also reviewed a CAT scan of appellee's chest, which was performed on January 19, 2003. In a letter to appellant's counsel dated July 8, 2003, Dr. Rosenberg stated, "[Appellee] does not have primary interstitial lung disease, such as asbestosis with the change in the left upper lobe nodule area, for which [h]is physicians are following him. I am

concerned that he has a lung cancer. If such is the case, it would be smoking related in etiology." Dr. Rosenberg reiterated this conclusion at his deposition. The letter was admitted as appellant's Exhibit E.

{¶ 7} On cross-examination, Dr. Rosenberg testified that, although he was not a radiologist, he frequently interpreted CAT scans in the course of his training and experience as a pulmonologist. Specifically, Dr. Rosenberg stated on cross-examination, "I am not a radiologist, let's make that clear. But as it pertains to the interpretation of CAT scans for interstitial lung disease, I feel comfortable in the realm of pulmonologist, yes." Dr. Rosenberg also testified on cross-examination that he interpreted CAT scans when requested as a consultant for the defense in workers' compensation cases.

{¶ 8} Appellee then attempted to impeach Dr. Rosenberg's credibility with questions concerning Dr. J. Sheldon Thompson, a radiologist. During this line of questioning, Dr. Rosenberg testified that Dr. Thompson was a friend of his and that he, Dr. Rosenberg, had testified in a previous case that Dr. Thompson was an "excellent radiologist."

{¶ 9} Dr. Rosenberg then testified as follows on cross-examination:

{¶ 10} "Q: Doctor, do you remember testifying in the case captioned *Anthony Stefou versus the Ford Motor Company?*

{¶ 11} "A: Yes, I do.

{¶ 12} "Q: And Dr. Thompson also testified with you?

{¶ 13} "A: Could be. I wouldn't be surprised.

{¶ 14} " * * *

{¶ 15} "Q: Doctor, what I would like to do is hand you Dr. Thompson's deposition transcript. What I have done is bracketed a section. Could you read that for me?

{¶ 16} "A: * * * 'Do you know whether or not the CT was ever sent over to Dr. Rosenberg to look at?' 'No. I don't think that Dr. Rosenberg, whereas I am sure he would be familiar with high resolution CAT—whereas I am sure he would be familiar with high resolution CT scanning, would not be competent to interpret them.'

{¶ 17} "Q: Do you agree or disagree with that statement by Dr. Thompson?

{¶ 18} "A: I would disagree with that statement." [1]

---

1. The terms "CT scan" and "CAT scan" were used interchangeably throughout Dr. Rosenberg's deposition. The terms refer to computed tomography imaging and are synonymous.

{¶ 19} Appellee then cross-examined Dr. Rosenberg about his ability to read CAT scans. This line of questioning specifically referenced Dr. Rosenberg's July 8, 2003 report detailing his interpretation of a CAT scan performed on appellee's chest on January 19, 2003. This entire line of questioning in the deposition received a continuing objection from appellant.

{¶ 20} A two-day jury trial on appellee's workers' compensation appeal was scheduled to commence on September 10, 2003. One day earlier, on September 9, 2003, appellant filed the written transcript of Dr. Rosenberg's deposition. Also on September 9, 2003, appellant served upon appellee's counsel and the court its objections to Dr. Rosenberg's deposition, to wit:

{¶ 21} "4. Page 58, line 2 through page 59, line 15—Relevance, Hearsay and improper impeachment under Rules 801–807.

{¶ 22} " * * *

{¶ 23} "6. Page 61, line 21—hearsay (as to admissibility of opinion of other physician).

{¶ 24} "7. Page 66, lines 19 through 67, line 2—(see Number 4 above)."

{¶ 25} In summary, these objections pertain to the portions of Dr. Rosenberg's testimony on cross-examination, which were detailed above.

{¶ 26} Appellant filed these objections, along with the videotape of the deposition, on September 10, 2003. The two-day jury trial commenced that day. First, appellee presented his case, which included presentation of the videotaped deposition of Dr. Rao. After a recess, the court asked appellant whether it wished to proceed. In response, the following exchange occurred:

{¶ 27} "[Appellant's counsel]: On behalf of the defense, we will call Dr. David Rosenberg again by videotape.

{¶ 28} "THE COURT: All right. Proceed. How long is the video?

{¶ 29} "VIDEOGRAPHER: Hour and five minutes."

{¶ 30} The videotaped deposition of Dr. Rosenberg was then played for the jury.

{¶ 31} Thereafter, the following exchange occurred:

{¶ 32} "THE COURT: Well, okay, folks. We've concluded the videotaped deposition then of Dr. Rosenberg. And I ask the Defendant then if it wishes to proceed any further?

{¶ 33} "[Appellant's counsel]: Your Honor, the defense rests, subject to admission and arguments over exhibits that we can do at a later time."

{¶ 34} The trial court then turned to appellee for any rebuttal time, and appellee stated that he did not have any rebuttal evidence. The jury was briefly excused while the court considered and ruled upon parties' arguments regarding admission of various exhibits. At no time did appellant request the court to rule on his written objections to Dr. Rosenberg's deposition testimony or orally renew these objections. The jury then returned, deliberated, and announced its unanimous verdict in favor of appellee.

{¶ 35} The trial court confirmed the jury's verdict in a judgment entry, dated September 11, 2003. From that judgment, appellant timely appealed and sets forth the following assignment of error:

{¶ 36} "[1.] The court erred in allowing into evidence the improper impeachment of defendant-appellant's expert by using the deposition of an expert from a different case."

{¶ 37} It is axiomatic that the " 'admission or exclusion of relevant evidence rests within the sound discretion of the trial court.' " *LaVeck v. Al's Mustang Stable* (1991), 73 Ohio App.3d 700, 705, 598 N.E.2d 154, quoting *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343, paragraph two of the syllabus. Accordingly, we review the trial court's admission of the entire deposition of Dr. Rosenberg for an abuse of discretion. An abuse of discretion connotes more than a mere error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 38} Civ.R. 32(B) addresses objections to depositions generally. Civ.R. 32(B) provides:

{¶ 39} "Subject to the provisions of subdivision (D)(3) of this rule, objection may be made at the trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying. Upon the motion of a party, or upon its own initiative, the court shall decide such objections before the deposition is read in evidence."

{¶ 40} According to Sup.R. 13(A), videotape depositions are authorized by Civ.R. 30(B)(3). However, Sup.R. 13(A) specifically governs videotaped trial testimony. That rule provides:

{¶ 41} "(1) *Authority.* Videotape depositions are authorized by Civil Rule 30(B)(3).

{¶ 42} " * * *

{¶ 43} "(11) *Filing Where Objections Made.* When a deposition containing objections is filed with the court pursuant to Civil Rule 30(F)(1), it shall be

accompanied by the officer's log of objections. A party may request that the court rule upon the objections within fourteen days of the filing of the deposition or within a reasonable time as stipulated by the parties. In ruling upon objections, the court may view the videotape recording in its entirety or view only those parts of the videotape recording pertinent to the objections made. If the parties are not present at the time the court's rulings are made, the court shall provide the parties with copies of its rulings on the objections and his instructions as to editing.

{¶ 44} " * * *

{¶ 45} "(15) *Objections at Trial.* Objections should be made prior to trial, and all objections shall be made before actual presentation of the videotape at trial. If an objection is made at trial that has not been waived pursuant to Civil Rule 32(D)(3) or previously raised and ruled upon, the objection shall be made before the videotape deposition is presented. The trial judge shall rule on objections prior to the presentation of the videotape. If an objection is sustained, that portion of the videotape containing the objectionable testimony shall not be presented."

{¶ 46} Therefore, it is apparent that, in non-videotape depositions, absent a motion by the objecting party, the trial court may, on its own initiative, rule on the objections. See Civ.R. 32(B). However, when deposition testimony is presented via videotape, Sup.R. 13(A)(11) requires that a party not only file objections but also separately move the trial court to rule upon the objections. A careful reading of Sup.R. 13(A) indicates that, absent a motion by a party, a trial court is not required to rule upon the objections. However, if there exists such a motion, the trial court must rule upon the motion before the deposition testimony is presented. Sup.R. 13(A)(15).

{¶ 47} Opinions of experts who are not called at trial and are not present for cross-examination are not admissible. *Mason v. Labig* (June 29, 1989), 3d Dist. No. 87–CA–91, 1989 WL 72234. "[T]o admit the hearsay opinion of an expert not subject to cross-examination goes against the natural reticence of courts to permit expert opinion unless the expert has been qualified before the jury to render an opinion." *Bryan v. John Bean Div. of FMC Corp.* (C.A.5, 1978), 566 F.2d 541, 546.

{¶ 48} In the matter sub judice, upon cross-examination in his deposition, Dr. Rosenberg read into evidence the opinions of Dr. Thompson from Dr. Thompson's deposition in another matter. Dr. Thompson's opinions attacked Dr. Rosenberg's credibility as a witness. Appellant objected at the time of the deposition testimony and also filed these objections with the trial court.

{¶ 49} We cannot conclude that the trial court abused its discretion. "An appellate court will not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *LeFort v. Century 21–Maitland Realty Co.* (1987), 32 Ohio St.3d 121, 123, 512 N.E.2d 640, citing *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 70 O.O.2d 123, 322 N.E.2d 629. See, also, *Buck v. Auto Shop M.D., Inc.*, 11th Dist No. 2002–P–0123, 2003-Ohio-6959, 2003 WL 22994548, at ¶ 22; *Thrower v. Akron*, 9th Dist. No. 20778, 2002-Ohio-3409, 2002 WL 1453733, at ¶ 20. It is apparent that any error on behalf of the trial court was waived.

{¶ 50} To recapitulate, appellant served his objections to Dr. Rosenberg's deposition on appellee and the court on the eve of trial. On the day the trial commenced, these objections were filed, and appellant presented the videotaped deposition of Dr. Rosenberg to the court for admission into evidence. When doing so, appellant never renewed his objections or in any way requested the court to rule on his written objections. Moreover, appellant actually watched the entire videotape, including the objectionable portions, while it was played for the jury. Not once during that time, or any other time during the course of the trial proceedings, did appellant object to the admission of these portions of the deposition or request the trial court to rule on his objections. Appellant contends that these objections were reiterated, and overruled, in the judge's chambers. Nothing in the record confirms this statement.

{¶ 51} Pursuant to Sup.R. 13(A), absent a motion to do so, the trial court was not required to rule upon appellant's written objections. The trial court was required to rule on appellant's written objections only when appellant specifically moved the court to do so. Such a motion is absent from the record. Therefore, we must conclude that appellant waived this error. The trial court did not abuse its discretion by admitting this testimony as evidence, and appellant's sole assignment of error is therefore without merit.

{¶ 52} We hereby affirm the judgment of the Trumbull County Court of Common Pleas.

Judgment affirmed.

FORD, P.J., and RICE, J., concur.

ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment.