{¶ 44} I must respectfully dissent for the reason that I disagree with the majority that Mr. Royce failed to produce any evidence that Yardmaster breached its assumed *Page 13 
duty of ordinary care in this case, and its analysis of the facts and inferences in this case ignores the critical mandates of the current summary judgment rubric.
 {¶ 45} In considering a motion for summary judgment, a court must determine only whether reasonable minds can reach more than one conclusion on the facts. The court does not weigh the evidence, determine the merits of the case, or the credibility of the witness.Kreais v. Chemitrol (1989), 52 Ohio App. 3d 74, 78; Turner v.Turner (1993), 67 Ohio St. 3d 337, 341-342. The purpose of summary judgment is not to try issues of fact, but to determine whether triable issues of fact exist. McGee v. Goodyear Atomic Corp. (1995),103 Ohio App. 3d 236, 242-243.
 {¶ 46} It is beyond dispute that the burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St. 2d 64, 66; Celotex Corp. v. Catrett (1986),477 U.S. 317, 323; Mitseff v. Wheeler (1988), 38 Ohio St. 3d 112, 113.
 {¶ 47} All doubts on a motion for summary judgment must be resolved against the moving party, and where there is the slightest doubt about the facts, the motion will not lie. Petroff, et al. v. Commercial MotorFreight, Inc. (1960), 82 O.L.A. 433; Murphy v. Reynoldsburg (1992),65 Ohio St. 3d 356, 358-359.
 {¶ 48} Even though the nonmoving party must present evidence on any issue for which that party bears the burden of production at trial, theburden of establishing that the material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. Wing v. Anchor Media Ltd. (1991), 59 Ohio St. 3d 108;Hamlin v. McAlpin (1964), 175 Ohio St. 517, 519-520. *Page 14 
 {¶ 49} Not only is it the duty of the court to closely scrutinize the "evidence" in favor of the movant, but it must view it, as well as any inference, in the most favorable light to the opposing party.Allstate Ins. Co. v. Baileys (N.D. Ohio, 1958), 192 F. Supp 595, 596.
 {¶ 50} The summary judgment rule, based on Section 2311.041 of the Ohio Revised Code, does not contemplate that the court shall decide issues of fact or accept the movant's assertions of fact as true and uncontroverted when there are indeed genuine issues as to material fact.
 {¶ 51} The deposition testimony of Mr. Royce, Mr. Hinz, and Mr. Brunheimer provide sufficient evidence and sufficient inferences to defeat a motion for summary judgment. Contrary to the majority's conclusion, I do not believe that the failure by appellant to include the court reporter's certification or the failure to file the complete depositions render these depositions inadmissible.
 {¶ 52} As the majority notes, the decision of whether to consider either unfiled or uncertified portions of deposition testimony rests solely within the discretion of the trial court. Abele/SS at ¶ 11. Particularly where, as here, no objection was made, the trial court would be well within its discretion to consider these depositions. As we stated in Abbott v. Sears, Roebuck Co., 11th Dist. No. 2003-T-0085,2004-Ohio-5106, at ¶ 15: "Generally, a party's failure to object to the propriety of evidence submitted in support of a motion for summary judgment constitutes a waiver of any alleged error in the consideration of such evidence."
 {¶ 53} In this case, there is no indication that the trial court actually disregarded the deposition excerpts, as the majority asserts. While the better practice would be for *Page 15 
a litigant to ensure that all deposition transcripts are filed and properly authenticated,[1] when submitted for summary judgment purposes, the trial court may nonetheless consider the nonconforming evidence. Abele/SS at ¶ 11.
 {¶ 54} Therefore, I believe that the following deposition excerpts cannot only be relied upon for evidentiary support, but also reinforce appellant's position. In answer to the question, "* * * when you looked back, did you look back and see that where you had slipped there was ice or anything else?," Mr. Royce answered, "[i]t was slick. It was very slick. Ice." When pressed further as to whether it was ice or just snow that made the pavement slick, Mr. Royce testified "Well, I believe it was ice under that, yeah."
 {¶ 55} One may reasonably infer that Yardmaster failed to inspect and salt the area, the duties it assumed under this very detailed contract, through the deposition testimony of Mr. Royce, Mr. Hinz, and Mr. Brunheimer. When Mr. Royce was asked, "When you fell and were on the ground, did you notice any salt being on the ground at that time?," his answer was "No, it was slick." When Mr. Hinz was questioned about Yardmaster's responsibilities under the contract, he testified that Yardmaster would spread the salt and "continue to check it * * * wouldconstantly monitor." (Emphasis added.)
 {¶ 56} The majority relies on the absence of any affirmative evidence of a failure to inspect and salt the area shortly before the 7 a.m. shift began. The majority appears to reason that because Mr. Royce failed to produce the morning records of inspection and salting then he cannot prove that it was not done. In other words, Mr. Royce must *Page 16 
prove the negative. That is not the burden placed upon him by the law of summary judgment.
 {¶ 57} When the following testimony is read in conjunction with Mr. Royce's testimony that he observed no salt on the ground after he fell, one may infer that there was a breach of the assumed duty to inspect, salt, and "constantly monitor."
 {¶ 58} Q: "Okay. Would you feel that under the circumstances where you're looking at those documents where this was the plowing and the salting during the middle of the night on March 9 that Bill should have been out there inspecting before seven a.m.?"
 {¶ 59} A: "Yes."
 {¶ 60} Mr. Brunheimer, the snow plow operator reviewed his daily sheet and explained that the way his operation is set up, his route includes the subject lot as well as other lots. He was out plowing and salting on this route from 12:30 a.m. until 8:30 a.m. Mr. Brunheimer testified that the record documents that he salted the subject lot between 3:15 a.m. and 3:30 a.m. He further testified that the record does not document any further work being performed at the lot, and most importantly he agreed that the record indicates he did not finish his last stop on the route until 8:30 a.m. so he could not have possibly re-checked the subject lot before 7 a.m.
 {¶ 61} While those morning records would be helpful at trial, the quantum of proof required to defeat a summary judgment motion is much less. The clear inferences from the testimony of Mr. Hinz and Mr. Brunheimer taken together with the direct evidence from Mr. Royce that he did not see any salt on the ground after he fell, is sufficient for purpose of summary judgment to present a question of material fact as to *Page 17 
whether the area was indeed inspected and salted again before the morning shift. This is especially the case where the non-movant is entitled to have every inference made in his favor from the facts set forth.
 {¶ 62} The summary judgment procedure is not intended to be a "little trial" or contemplate that the court shall decide or determine an issue of fact, but only that it shall discover if any genuine issue exists. See Petroff, et al. v. Commercial Motor Freight, Inc., supra. The quintessence of the motion for summary judgment is the determination by the court of whether an issue of fact exists, not what the facts are.Bowlds v. Smith (1961), 114 Ohio App. 21, 29.
 {¶ 63} Moreover, it is established that a summary judgment should not be granted where the facts, although not in dispute, are subject to conflicting inferences. See Soley v. Star Herald Company (5th Cir., 1968), 390 F. 2d 364.
 {¶ 64} The Supreme Court of Ohio has essentially reasserted all of the foregoing propositions of law as to procedure as it relates to summary judgment in Temple v. Wean United, Inc. (1977), 50 Ohio St. 2d 317, 327, where it is held in interpreting Rule 56(C) that before summary judgment may be granted it must be determined that one, no genuine issue as to any material fact remains to be litigated; two, the moving party is entitled to judgment as a matter of law; and three, it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Page 18 
 {¶ 65} Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. Mers v. Dispatch Printing Co. (1985), 19 Ohio St. 3d 100,105-106.
 {¶ 66} In Dresher v. Burt (1996), 75 Ohio St. 3d 280, the Supreme Court of Ohio modified summary judgment standards and held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion, identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Rule 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civil Rule 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Rule 56(E) to set forth specific facts showing there is a genuine issue for trial, failing which summary judgment, if appropriate, shall be entered against the nonmoving party based on the principles firmly established in Ohio for some time in Mitseff v. Wheeler, supra.
 {¶ 67} The court in Dresher went on to say that paragraph 3 of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St. 3d 108, is too broad and fails to account for the burden Civil Rule 56 places upon a moving party. The court, *Page 19 
therefore, limited paragraph 3 of the syllabus in Wing to bring it into conformity with Mitseff, supra.
 {¶ 68} The Supreme Court in Dresher went on to hold that when neither the movant or the non-movant provides evidentiary materials demonstrating that there are no material facts in dispute, the movant is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, "and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher at 296.
 {¶ 69} In Mitseff, the court held that a party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond. Accordingly, the court made clear that the party moving for summary judgment bears the burden of affirmatively demonstrating with respect to every essential issue in each count of the complaint that there is no genuine issue of fact even with regard to the issues on which the non-movant would have the burden of proof should the case go to trial.
 {¶ 70} In this case the facts and inference drawn therefrom are subject to reasonable dispute when viewed in a light favorable to the nonmoving party, and thus, summary judgment was not appropriate.
[1] In this case, although the depositions were not authenticated, there was some indication in the record that the depositions were sworn testimony. *Page 1