[Cite as *Sims v. Haghighi*, 2020-Ohio-732.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| TEMIKA SIMS, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-P-0037** |
| DAVOOD HAGHIGHI d.b.a. AUTO SITE, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2015 CV 00569.

Judgment:  Affirmed in part; reversed and remanded in part.

*David J. Truman*, Truman Law, LLC, 6100 Oak Tree Boulevard, Suite 200, Independence, OH 44131, and *Jesse M. Gannon*, The Law Offices of Jesse M. Gannon, LLC, 1801 Euclid Avenue, Suite 095, Cleveland, OH 44115 (For Plaintiff-Appellant).

*Mark H. Ludwig*, Law Office of Mark H. Ludwig, LLC, 344 Stouffer Road, Fairlawn, OH 44333 (For Defendant-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Temika Sims, appeals the trial court's summary judgment ruling in favor of appellee, Davood Haghighi, on appellant's claims and his counterclaims.  We affirm summary judgment in appellee's favor on appellant's claims but reverse and remand on appellee's two remaining counterclaims.

{¶2}    Appellee owns and operates Auto Site, a used car dealership, in Portage

County, Ohio.  In February 2014, appellee sold appellant a used 2009 Mazda CX7 for $21,451.04.  Appellant paid a portion and financed the remainder.  The agreement provides an "AS-IS" clause but also includes a 30-day limited warranty for 50 percent of all labor and parts covered.

{¶3}  Appellee has always employed at least one mechanic.  Before appellant took possession of the car, a staff mechanic checked it for any obvious problems.  None were found, and none developed during the limited warranty period.

{¶4}  In early September 2014, the car began making a loud knocking sound.  Appellant's boyfriend took the car to a local Mazda dealership that determined it needed a new timing chain.   Appellant contacted appellee, who told her to bring the car in for his mechanic to look at it.

{¶5}  The parties disagree as to what took place over the ensuing five months.  According to appellant, appellee promised that he would fix the vehicle at no cost.  During this period, appellee provided appellant with vehicles to use at no cost.  When repairs were not completed by January 2015, appellant stopped making payments.

{¶6}  Appellee asserts he did not promise to repair the Mazda for free but merely offered to inspect the vehicle to assess whether it could be fixed for less.  Appellee informed appellant that he was unable to repair it and gave her the rental cars to use while she was deciding whether to get the car fixed elsewhere or buy another used vehicle.

{¶7}  By July 2015, appellee neither returned nor repaired the Mazda, prompting appellant to file a complaint asserting Ohio Consumer Sales Practices Act (CSPA) violations, among others.  All her claims are based upon appellee's failure to repair the

2

car. Appellee asserted three counterclaims, including enforcement of a lien on the Mazda, breach of contract, and compensation for damage to a rental car. The parties filed competing motions for summary judgment. And the trial court subsequently granted summary judgment in appellee's favor on all of appellant's claims because viewing the evidence in a manner most favorable to appellant, appellee is not an auto repair supplier.

{¶8} The trial court also granted summary judgment on appellee's first two counterclaims for breach of contract and to enforce the lien and awarded damages. On the remaining counterclaim for rental car damage, the court granted summary judgment on liability only and scheduled a damages hearing. Appellee then voluntarily dismissed this counterclaim with prejudice before damages were determined. The trial court then issued a stipulated final order restating its decision and entering judgment in appellee's favor for $14,511.

{¶9} Appellant assigns the following as error:

{¶10} "[1.] The trial court erred in granting defendant-appellee's motion for summary judgment on plaintiff-appellant's Ohio Consumer Sales Practices Act claim based upon its opinion that defendant-appellee was not subject to the Act.

{¶11} "[2.] The trial court erred in granting defendant-appellee's motion for summary judgment on its counterclaim for breach of the Mazda contract where genuine issues of fact remain as to Sims' claims and defenses under the Consumer Sales Practices Act.

{¶12} "[3.] The trial court erred by awarding defendant-appellee its full expectation damages without considering its duty to mitigate its damages."

{¶13} Appellant's first assignment contends that summary judgment was improper

3

because there is a factual dispute concerning whether appellee is a supplier of auto repairs under the CSPA. We disagree.

{¶14} "'In reviewing an award of summary judgment, we apply a de novo standard of review. (* * *). As such, summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the [moving] party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the non-moving party, who is entitled to have the evidence construed most strongly in her favor. (* * *).' (Citations omitted.) *Arp v. Geauga Cty. Commrs.*, 11th Dist. No. 2002-G-2474, 2003-Ohio-2837, ¶ 21." *Silvey v. Washington Square Chiropractic Clinic*, 11th Dist. Geauga No. 2011-G-3047, 2012-Ohio-6214, ¶ 20.

{¶15} "The purpose of summary judgment is not to try issues of fact, but to determine whether triable issues of fact exist. *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 242-243, 659 N.E.2d 317. Not only is it the duty of the court to closely scrutinize the evidence in favor of the movant, but it must view it, as well as any inferences which may be made from that evidence, in the most favorable light to the opposing party. *Allstate Ins. Co. v. Baileys* (N.D.Ohio 1958), 192 F.Supp. 595, 596. 'A summary judgment should not be granted where the facts although not in dispute are subject to conflicting inference.' *Cottrelll v. Mayfield* (May 1, 1987), 11th Dist. No. 1730, 1987 Ohio App. LEXIS 6623, *3, citing 73 American Jurisprudence 2d (1974), Summary Judgment, Section 27." *Gay v. G.F. Mossberg & Sons, Inc.*, 11th Dist. Portage No. 2008-P-0006, 2009-Ohio-2954, ¶ 153 (Concurring Opinion of Trapp, J.).

{¶16} R.C. 1345.02(A) prohibits the use of unfair or deceptive behavior in consumer transactions: "No supplier shall commit an unfair or deceptive act or practice

in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

{¶17} "Supplier" is defined as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." R.C. 1345.01(C).

{¶18} "'The phrase "engage in the business of" is commonly used in statutory schemes and has generally been held to connote continuous or regular activity, rather than a singular or isolated sale. *See United States v. Tarr*, 589 F.2d 55 (1st Cir.1978) (the words "to engage in the business of" strongly imply more than one isolated sale or transaction); *Fillippo v. S. Bonaccurso & Sons, Inc.*, 466 F.Supp. 1008 (E.D. Pa. 1978) ("being engaged in an activity requires more than a single act or transaction or occasional participation"); *UFI-TEC, S.A. v. Carter*, 20 Cal.3d 238, 571 P.2d 990, 142 Cal.Rptr 279 (1977) (the phrase "engaged in the business of" connotes a certain regularity of participation).'" *LaVeck v. Al's Mustang Stable*, 73 Ohio App.3d 700, 703, 598 N.E.2d 154 (11th Dist.1991), quoting *Moore v. Florida Bank of Commerce*, 654 F.Supp. 38, 41, (S.D.Ohio 1986).

{¶19} In moving for summary judgment on appellant's CSPA claim, appellee argues he is not a supplier of auto repairs because he does not regularly engage in that type of business. In support, appellee references his deposition testimony in which he states that his mechanic did not perform the type of repairs that appellant's Mazda needed; rather, "[h]e just does the minor repairs for the cars under warranty." In response to a query as to whether the timing chain on the Mazda was ever fixed, appellee stated:

5

"No. We don't do that kind of work."

{¶20} To this extent, appellee presented evidence that his offer to attempt to repair the Mazda was an isolated event. Appellant presents no evidence to the contrary that there were other instances when appellee repaired cars that either were no longer under warranty or not purchased at Auto Site.

{¶21} Appellant failed to present evidence that appellee repairs cars outside of warranty as a continuous or regular activity. Therefore, summary judgment was proper.

{¶22} Separately, appellant contends that even if appellee is not an automobile repair supplier, summary judgment was improper because appellee's promise to repair the Mazda was a continuation of the original sale and appellee is a car supplier.

{¶23} However, appellant's CSPA claim is predicated solely on appellee's promise to repair the car. Furthermore, the sale and repair were two distinct transactions, not a continuation of the sale. The limited 30-day warranty had expired, and appellee had no duty under the sales agreement to repair the vehicle. Consequently, the factual disputes are immaterial. Appellant's first assignment lacks merit.

{¶24} Appellant's second assignment asserts the trial court erred in awarding summary judgment in appellees' favor on his counterclaims for breach of contract and enforcement of lien. She first argues that there is a factual issue whether appellee is a supplier of auto repairs under the CSPA and if he is, this constitutes an affirmative defense. Given our holding under the first assignment, however, her argument likewise fails because appellant did not produce evidence that appellee is a supplier of auto repairs.

{¶25} Second, appellant does not dispute that she was in breach of the sales

6

agreement. Instead, she asserts that she is not liable for damages because appellee kept the car even after it became evident that repairs would not be completed. She acknowledges, however, that she never asked him to return it. Regardless, she fails to show how this forgives her performance under the sales agreement. App.R. 16(A)(7).

{¶26} Finally, appellant contends that summary judgment was improper because appellee did not have a valid dealer license when he sold her the car. Her attorney's affidavit, offered in opposition to appellee's motion for summary judgment, states that a search of the Ohio Secretary of State website confirms that the articles of incorporation for Auto Site, Inc., were canceled in April 2011 and never renewed. Second, counsel avers that in searching the online database for dealer licensing, he could only confirm the issuance of a dealer license to Auto Site, Inc., and not to appellee as a sole proprietor. This affidavit raises a question of fact regarding whether appellee had a valid license to sell vehicles when he sold appellant the Mazda.

{¶27} As stated, R.C. 1345.02(A) forbids the commission of an unfair and deceptive act or practice by a supplier in a consumer transaction. Division (B) of R.C. 1345.02 identifies ten acts or practices considered to be unfair and deceptive. The lack of a license is not included, however, the list in division (B) is not exhaustive.

{¶28} When appellee sold the vehicle to appellee, the Ohio Administrative Code provided that "[i]t shall be a deceptive and unfair act or practice for a dealer, * * * in connection with the * * * sale of a motor vehicle, to: * * * Sell, offer for sale, or assist in the sale of more than five motor vehicles in any twelve month period, at retail, without being licensed as a dealer or salesperson pursuant to Chapter 4517 of the Revised Code, or otherwise being licensed pursuant to applicable law." Ohio Adm-Code 109:4-3-

7

16(B)(32).

{¶29} Under this provision, if appellee did *not* possess a valid dealer license at the time of the sale, he engaged in an unfair and deceptive act, and appellant would be entitled to rescission of the sales agreement, a complete defense to appellee's breach of contract counterclaim. R.C. 1345.09(A) ("Where the violation was an act prohibited by section 1345.02 * * *, the consumer may, in an individual action, rescind the transaction * * *.").

{¶30} Thus, summary judgment was not warranted on appellee's breach of contract counterclaim because appellant raised a genuine issue of material fact regarding her affirmative defense. In the absence of a valid judgment for breach of contract, summary judgment was also improper on appellee's counterclaim to enforce the lien. Her second assignment has merit.

{¶31} Under her final assignment, appellant argues the trial court failed to consider whether appellee mitigated damages. Appellant admits she did not present this argument to the trial court. Nevertheless, she contends that we can address the point because our standard of review is de novo.

{¶32} However, the failure to mitigate damages is an affirmative defense. *First Fin. Bank, N.A. v. Cooper*, 1st Dist. Hamilton No. C-150664, 2016-Ohio-3523, 67 N.E.3d 140, ¶ 23. Thus, appellant had the burden to produce evidence, which she did not do. *Id.* Moreover, her failure to raise this issue in her motion deprived appellee a meaningful opportunity to respond. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988). Thus, appellant's third assignment also lacks merit. However, because of our reversal on the breach of contract counterclaim, appellant is not precluded from raising this

defense on remand.

{¶33} The trial court's decision is affirmed in part and reversed and remanded in part. We affirm the award of summary judgment in appellee's favor on appellant's claims for relief, but we reverse summary judgment on appellee's counterclaims for breach of contract and enforcement of a lien and remand for further proceedings consistent with this opinion.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.